IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PERVIS TOLES**                                                                 **PLAINTIFF**

**v.**                                              **CIVIL NO. 5:21-cv-00040-DCB-RHWR**

**DARRICK FAIR**                                                            **DEFENDANT**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

BEFORE THE COURT is the [17] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies, filed by Defendant Darrick Fair. Plaintiff Pervis Toles has not responded to the Motion or the Court's [19] Order to Show Cause directing him to respond to the Motion. Having considered the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Defendant Darrick Fair's [17] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies should be granted, and Plaintiff's Complaint dismissed without prejudice. Additionally, the undersigned recommends that this case should be dismissed without prejudice for failure to prosecute and comply with Court Orders.

### I. BACKGROUND

Plaintiff Pervis Toles ("Plaintiff" or "Toles"), a postconviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), is proceeding *pro se* and *in forma pauperis*. Plaintiff filed suit pursuant to 42 U.S.C. § 1983, against Defendant Darrick Fair ("Defendant" or "Fair"), an MDOC employee at Wilkinson

County Correctional Facility ("WCCF"), alleging that Fair violated his constitutional rights during his incarceration at WCCF. Compl. [1].

Plaintiff alleges that Fair placed another inmate in his cell, handcuffed, on or about October 24, 2020. *Id*. at 4. When the other inmate refused to allow Fair to retrieve the handcuffs, Fair sprayed mace into the cell, which contacted Plaintiff. *Id*. Plaintiff contends that later that day an unidentified female officer conducted a count on his unit, and he requested that the officer move him out of the cell. *Id*. Plaintiff alleges that the unidentified female officer did not move him. *Id*. Plaintiff asserts that he and the other inmate subsequently got into a fight, in which Plaintiff was injured. *Id*.

On or about October 31, 2020, Plaintiff submitted a grievance to the Administrative Remedy Program ("ARP"), WCCF-21-66, regarding the alleged incident. Def.'s Mot. for Summ. J. [17-1] at 6-8. Plaintiff's grievance requested a "full pardon/clemency" and "compensation for medical conditions" as relief. *Id*. at 8. On January 6, 2021, the ARP Director notified Plaintiff that his grievance was rejected for requesting relief beyond the power of the ARP to grant. *Id*. at 4. The ARP Director specifically informed Plaintiff that the ARP cannot grant pardons or clemency, nor can it award monetary damages. *Id*. Plaintiff never resubmitted a corrected ARP grievance within five days of receiving the notice of rejection as required by MDOC policy. *Id*. at 2. Therefore, Plaintiff's ARP grievance, WCCF-21-66, was closed without his completing the ARP process. *Id*. at 3.

On April 21, 2021, Plaintiff filed the present suit. Compl. [1]. Plaintiff's Complaint seeks compensatory damages from Fair for placing the other inmate in his cell. *Id.* at 7. Defendant subsequently filed the instant [17] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies prior to filing the instant suit. Defendant argues that because Plaintiff failed to exhaust his available administrative remedies prior to filing suit, no genuine issues of material fact exist that would preclude granting summary judgment in his favor and therefore Plaintiff's claims should be dismissed. Def.'s Mem. in Supp. [18] at 3.

After Plaintiff failed to timely respond to the [17] Motion, the Court entered a Show Cause Order, directing the Plaintiff to respond to the [17] Motion on or before October 4, 2021. *See* Order [19]. Plaintiff has not responded to the [19] Order.

## II. DISCUSSION

A.   Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). When the non-movant fails to respond to a summary judgment motion, the movant's facts are

left undisputed. *Flowers v. Deutsche Bank Nat. Trust Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) (per curiam) (citing *Eversly v. MBank Dallas*, 843. F.2d 172, 174 (5th Cir. 1988)). Accordingly, summary judgment is appropriate if the court finds that the "undisputed facts are material and entitle the movant to judgment as a matter of law." *Id*

B.   Plaintiff's Action Should be Dismissed for Failure to Exhaust Available Administrative Remedies Prior to Filing Suit

The Prison Litigation Reform Act ("PLRA") requires prisoners "confined in any jail, prison, or other correction facility" to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). This exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (quoting *Woodford*, 548 U.S. at 85).

4

A prisoner cannot satisfy the PLRA's exhaustion requirements by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford*, 548 U.S. at 83-84; *see also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules").

Mississippi Code Annotated § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, the MDOC created an ARP through which an inmate may seek formal review of a grievance relating to any aspect of his incarceration.[1] The two-step ARP process begins when an inmate submits his grievance in writing to the prison's Legal Claims Adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. 2013). The Adjudicator initially screens the grievance and determines whether to accept it into the ARP process. *Id*. The screening phase operates as a filter – applied before the formal grievance process begins – to remove procedurally defective or otherwise invalid grievances. As set forth above, a prisoner cannot satisfy the exhaustion requirement by filing a procedurally

---

[1] On September 19, 2010, the ARP process was changed from three steps to two. *See Gates v. Barbour*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

defective grievance or appeal. *Woodford*, 548 U.S. at 85. Hence, rejection of a grievance during the screening phase terminates the grievance – and does not count as exhaustion of the grievance process. *See Seales v. Shaw*, No. 5:15-cv-59-KS-MTP, 2016 WL 616749, at *3 (S.D. Miss. 2016), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, No. 5:15-cv-59-KS-MTP, 2016 WL 616385 (S.D. Miss. 2016) (finding rejection during initial MDOC screening process did not constitute exhaustion); *Goldmon v. Epps*, No. 4:14-cv-0112-SA-SAA, 2015 WL 5022087, at *3 (N.D. Miss. 2015) (same); *see also Robinson v. Wheeler*, 338 F. App'x. 437 (5th Cir. 2009) (upholding Louisiana initial screening provision of prison grievance process).

MDOC's ARP provides that where defects in the original grievance are minor ("technical" or "matters of form"), an inmate may submit a corrected grievance within five days of the rejection:

> If a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance.

*See* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (last visited July 27, 2021).

If accepted, the grievance is forwarded to the appropriate official, who then issues a First Step Response to the complaining inmate. *Howard,* 2013 WL 2367880 at 2*. If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the Legal Claims Adjudicator. *Id*. The Superintendent, Warden, or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes

6

the ARP process. *Id*. Issuance of the Second Step Response is the only way to complete the grievance process. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*.

In this case, Plaintiff's ARP grievance was rejected during the initial screening phase for requesting relief which was beyond the power of the ARP program to grant — namely a full pardon/clemency and monetary compensation. Def.'s Mot. for Summ. J. [17-1] at 8. Plaintiff never resubmitted a corrected grievance within five days of receiving the notice of rejection as required by MDOC policy. *Id*. at 2. Therefore, Plaintiff's grievance, WCCF-21-66, was closed without his completing the ARP process. *Id*. at 3.

For these reasons, the undersigned finds that Plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. The Court has long held that the rejection of a grievance during the initial screening phase terminates the grievance and does not count as exhaustion of the grievance process. *See Seales*, 2016 WL 616749 at *3. Further, the failure to properly exhaust available administrative remedies prior to filing suit requires dismissal. *See Gonzalez*, 702 F.3d at 788. Therefore, the undersigned recommends that Defendant Fair's [17] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies be granted and the instant case dismissed without prejudice for failure to exhaust administrative remedies.

C. <u>Plaintiff's Action Should be Dismissed for Failure to Prosecute and Comply with Court Order</u>

7

The Court also has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id.* at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Court finds that there is a clear record of delay and contumacious conduct on the part of Plaintiff. Plaintiff did not timely respond to Defendant's [17] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies, nor has Plaintiff responded to the [19] Order to Show Cause, directing him to respond to Defendant's [17]. It appears from the record that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since June 11, 2021. Change of Address. [11]. Further, the Court finds that lesser sanctions than dismissal would not prompt diligent

prosecution, but instead such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order). Accordingly, the undersigned recommends that all claims against Defendant Darrick Fair be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by Orders of the Court.

### III. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff Darrick Fair's [17] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies be granted, and his Complaint dismissed without prejudice. The undersigned further recommends that this case should be dismissed for failure to prosecute and comply with Court Orders.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous,

conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 14th day of October, 2021.

                                        *s/ Robert H. Walker*
                                        ROBERT H. WALKER
                                        UNITED STATES MAGISTRATE JUDGE