IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PERVIS TOLES                                                    PLAINTIFF

v.                                      CIVIL NO.5:21-cv-00040-DCB-RHWR

DARRICK FAIR                                                    DEFENDANT

ORDER

This matter is before the Court on Magistrate Judge Robert H. Walker's Report and Recommendation [ECF No. 21] ("R&R"), which addresses Defendant Darrick Fair ("Defendant")'s Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [ECF No. 17] (the "Motion"). Plaintiff Pervis Toles ("Plaintiff") filed no objections to the R&R, and the deadline for doing so has passed.[1]  Having reviewed the R&R, the parties' submissions, the record, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds the R&R to be well-taken.  The Court adopts the findings of the R&R as its own and concludes as follows:

---

[1] The R&R provided Plaintiff with a "Notice of Right to Appeal/Object", which warned him of the consequences that result from a failure to object.  R&R at 9-10; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

1

Plaintiff failed to respond to Defendant's Motion and to the Court's Order to Show Cause [ECF No. 19], which directed him to respond to the Motion.  When a properly supported motion for summary judgment is made, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  When the nonmoving party does not respond (as was the case here), the Court may treat the facts that the moving party has raised as "undisputed for the purposes of the motion." FED. R. CIV. P. 56(e)(2); Eversley v. MBank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1988); Smith v. AZZ Inc., No. 4:20-CV-00375-P, 2021 WL 1102095, at *3 (N.D. Tex. Mar. 23, 2021).

The undisputed facts on the record now before the Court show that, prior to filing this lawsuit, Plaintiff failed to exhaust his available administrative remedies under the two-step Administrative Remedy Program ("ARP") established by the Mississippi Department of Corrections ("MDOC").  Aff. of Janice Williams, ARP Coordinator at Wilkinson County Correctional Facility, [ECF No. 17-1] ¶¶ 7-10; MDOC Policy 20-08-01, [ECF No. 17-2].  Plaintiff filed an initial grievance, [ECF No. 17-1] at 5-9, which was rejected because his requested relief (i.e., a full pardon and monetary compensation) was beyond the power of the ARP to grant.  Id.

at 4. Instead of submitting a corrected grievance and completing the required second step of the ARP process, Plaintiff proceeded directly to this Court, thereby failing to exhaust the administrative remedies available to him. Williams Aff. [ECF No. 17-1] ¶¶ 7-9; Booth v. Churner, 532 U.S. 731, 734 (2001) (a prisoner must exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process); Lewis v. Doe, I, 840 F. App'x 784, 785 (5th Cir. 2021) (prisoner's failure to exhaust second step of ARP is not excused by the fact that he chose to seek only monetary relief that the ARP could not provide); De LaCruz v. Rankin Cty., No. 320CV00320KHJLGI, 2021 WL 3912541, at *2 (S.D. Miss. Aug. 13, 2021), report and recommendation adopted, No. 3:20-CV-320-KHJ-LGI, 2021 WL 3891082 (S.D. Miss. Aug. 31, 2021) ("Pursuant to Miss. Code Ann. § 47-5-801, the Mississippi Department of Corrections ('MDOC') has established a two-step Administrative Remedy Program ('ARP') that prisoners must exhaust prior to filing suit under the [Prison Litigation Reform Act].").

    Exhaustion is mandatory and so is dismissal when a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court.[2]  Woodford v.

---

[2] Because the law requires that the Court dismiss this case for Plaintiff's failure to exhaust administrative remedies, the

Ngo, 548 U.S. 81, 85 (2006)("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012)("Pre-filing exhaustion of prison grievance processes is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.").

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Walker's Report and Recommendation [ECF No. 21] is ADOPTED as the findings and conclusions of this Court as set forth herein;

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [ECF No. 17] is GRANTED; and

IT IS FURTHER ORDERED that the Complaint [ECF No. 1] is DISMISSED without prejudice for failure to exhaust administrative remedies.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 7th day of December 2021.

    /s/   David Bramlette
    United States District Judge

---

Court need not address the R&R's recommended dismissal under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by a court order.